UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LEO H. HUHN,

    Plaintiff,

v.                                                            Case No: 5:12-CV-449-Oc-18PRL

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for disability insurance benefits ("DIB"). The Court has reviewed the record, the memoranda, and the applicable law. For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED** under sentence four of 42 U.S.C. §405(g).

### I. Background and Summary of the ALJ's Decision

In May 2009, Plaintiff filed an application for DIB alleging a disability onset date of November 30, 2006. (Tr. 105-06). Plaintiff, who has worked as a commercial truck driver, claims that he is unable to work due to a motor vehicle accident in 2004 in which his left foot, left hand, chest, neck and back were injured. (Tr. 132, 133). Plaintiff alleges that due to his injuries he is unable to push a clutch; he cannot lift or carry anything with repetition; he is limited in his ability to sit or stand; and he cannot climb. (Tr. 132).

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

The Social Security Administration ("SSA") denied his application initially and upon reconsideration. (Tr. 44-45). Plaintiff requested a hearing before an Administrative Law Judge (Tr. 46-47) and on February 11, 2011, ALJ Albert D. Tutera held a hearing. (Tr. 31- 43). On February 18, 2011, ALJ Tutera issued an unfavorable decision. (Tr. 20-26).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 30, 2006, the alleged onset date, through September 30, 2007, his date last insured. (Tr. 22). At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, cervical spine; and status post motor vehicle accident, thumb fixation. (Tr. 22).

At step three, the ALJ found that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22). Next, the ALJ found that Plaintiff retains the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 404.1567(c)." (Tr. 23-25).

At step four, the ALJ determined that through his date last insured Plaintiff was capable of performing past relevant work as a truck driver. (Tr. 25-26). Thus, the ALJ found that Plaintiff was not disabled from November 30, 2006, his alleged onset date, through September 30, 2007, his date last insured. (Tr. 26). The Appeals Council denied Plaintiff's Request for Review. (Tr. 1-4). After exhausting his administrative remedies, Plaintiff timely filed the instant appeal. (Doc. 1).

## II. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.V.R. §404.1520. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987)

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)(per curiam.) "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings.).

### III. Analysis

Plaintiff bears the burden of establishing he is disabled and is responsible for furnishing the necessary medical evidence to meet this burden. 20 C.F.R. §404.1512(a), (c); *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Here, Plaintiff failed to produce sufficient medical evidence to demonstrate he was unable to perform his past relevant work during the relevant period – November 30, 2006 through September 30, 2007.

The record shows that Plaintiff was injured in a motor vehicle accident in April 2004 and was subsequently treated for right-sided chest pain, neck pain, back pain, and injuries to his left thumb, left third finger, and left foot and ankle. (Tr. 195- 247, 249-64, 293-96, 358-66). Plaintiff had two surgeries on his left thumb, followed by physical therapy from which he was discharged with positive results. (Tr. 108-137). Plaintiff was treated by Charles Grudem, M.D. at The Center for Spine & PAIN Medicine for neck and back pain from May 2004 through September 2006. (Tr. 297-307, 323-54). Although Plaintiff contends that Dr. Grudem treated him through October 2008, the records from March 1, 2006 through October 2009 are unobtainable because Dr. Grudem retired and sold his practice. (Tr. 530). From 2001 through 2009, Plaintiff's primary care treatment was provided by the VA, and one of his treating physicians was Gabrielle DeMori, M.D.; however, the records do not show any treatment at the VA during the relevant period other than an eye examination in January 2007. (Tr. 390-92).

As the ALJ pointed out, the record is devoid of any medical treatment notes, lab results or radiological reports from the relevant period except for the January 2007 eye examination. (Tr. 24, 390-92). The ALJ also correctly noted that there was no examining, non-treating evidence of

record for the relevant time period. (Tr. 25).[2]  Indeed, the state agency consultant, Violet Acero Stone, M.D. reviewed the record and concluded that there was insufficient objective physical evidence to adjudicate this case as of the date last insured. (Tr. 25, 531).

Despite the dearth of objective medical evidence supporting his claim, Plaintiff contends that the ALJ failed to properly consider the opinions of Dr. Grudem and Dr. DeMori as treating physicians. The opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips* v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id*. at 1240-41.

As an initial matter, Plaintiff offers little argument as to how the ALJ erred in considering Dr. Grudem and Dr. DeMori's opinions. Plaintiff simply states:

> When one of the treating physician's opines that the Plaintiff can't work 8 hours a day and another opines that even if they could attend work for 8 hours they would not be productive because of their inability to complete a normal workday and workweek without interruptions from pain and to perform at a consistent pace without an unreasonable number and length of rest periods, and the medical records are replete with objective observations of the causes and degree of the Plaintiff's pain neither the ALJ nor the Defendant can ignore these opinions.

Doc. 15 at 17-18.

---

[2] Gary Honickman, Ph.D. performed a consultative psychological evaluation on December 11, 2004. (Tr. 315-17). Edward Demmi, M.D. performed a consultative evaluation on April 5, 2005. (Tr. 309-13).

Dr. DeMori, completed a "Clinical Assessment of Pain" on January 12, 2011 – more than three years after Plaintiff's date last insured. (Tr. 546-51). In her Assessment, Dr. DeMori opined that Plaintiff has mild limitations in his ability to maintain concentration for extended periods; to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; and to interact appropriately with the general public. Dr. DeMori also opined that Plaintiff has marked limitations in his ability to complete a normal workday and workweek without interruptions from pain and to perform at a consistent pace without an unreasonable number and length of rest periods. Dr. DeMori then wrote that Plaintiff has been having pain since his accident in April 2006 which is preventing him from maintaining stable employment and he is unable to push in a clutch due to foot and ankle pain.

Contrary to Plaintiff's contention, the ALJ did not ignore Dr. DeMori's opinion regarding Plaintiff's limitations during the relevant period. Rather, he discussed her opinion in detail and then assigned "some weight" to her opinion as to mild limitations but only "little weight" to her opinion as to a marked limitation and the written comments at the end of the opinion because "there are no clinical records, from the alleged onset date to the date last insured, to back up this portion of Dr. DeMori's opinion." (Tr. 25).

There is no dispute that Dr. DeMori did not treat Plaintiff during the relevant period, and thus, it is unclear what medical evidence supports her opinion. The VA treatment records immediately preceding Plaintiff's alleged onset of disability are inconsistent with Dr. DeMori's opinion regarding disabling pain. On November 6, 2006, Plaintiff rated his pain as only a three out of 10 (Tr. 392); Dr. DeMori continued to prescribe only ibuprofen and a muscle relaxer for Plaintiff's neck pain and did not identify any pain related limitations (Tr. 398); and Plaintiff reported regularly walking and swimming for exercise. (Tr. 393). Likewise, on January 10,

2008 (at Plaintiff's first appointment after his date last insured), Dr. DeMori directed Plaintiff to continue ibuprofen for neck pain and did not identify any limitations resulting from his pain. (Tr. 518-21). Moreover, Dr. DeMori's opinion that Plaintiff could not push in a clutch with his left foot does not appear to be based on any medical findings by Dr. DeMori and is inconsistent with the February 2006 MRI results showing no abnormalities in Plaintiff's left ankle and foot. (Tr. 399-400). While the record shows that Plaintiff requested and was fitted with a cane shortly before his alleged disability onset date (Tr. 392), Plaintiff testified that he was walking in 2007, taking pain medication, and shortly thereafter he stopped using a cane. (Tr. 36-37).

Turning next to Dr. Grudem, the ALJ noted that he treated Plaintiff for pain management related to his neck, low back and mid back, as a result of the April 2004 motor vehicle accident. (Tr. 24). The ALJ, however, did not discuss a Physical Capacities Evaluation that Dr. Grudem completed two months before Plaintiff's alleged disability onset date. In the Evaluation, Dr. Grudem opined that Plaintiff had various marked limitations that would essentially make him disabled. (Tr. 318-22). The ALJ's failure to discuss Dr. Grudem's opinion is harmless error for several reasons. At the most fundamental level, his opinion addressed Plaintiff's condition prior to the relevant period. Moreover, Dr. Grudem simply checked boxes and failed to offer any explanation as to what objective medical findings supported his extreme opinion. Indeed, Plaintiff does not point to any treatment records supporting Dr. Grudem's opinion. Finally, Dr. Grudem's opinion is inconsistent with Plaintiff's own testimony. Dr. Grudem opined that Plaintiff could never lift more than 25 pounds, could only stand for 2 hours in an 8-hour workday, and could not walk more than 5 minutes in an 8-hour workday. (Tr. 242). However, Plaintiff testified that during the relevant period he could lift up to 50 pounds, stand for at least an hour at a time before taking a break, and walk for 15-20 minutes without stopping. (Tr. 40).

Next, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain. Plaintiff contends that the ALJ failed to explain, "how anyone who understands the medical terminology in this record could possibly conclude that Plaintiff HUHN's pain testimony lacks credibility." (Doc. 15 at 18).

If an ALJ decides not to credit a claimant's testimony about subjective complaints, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Department of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (finding that articulated reasons must be based on substantial evidence). In the instant case, it appears as though the ALJ applied the Eleventh Circuit's pain standard "threshold" assessment to Plaintiff's subjective complaints. *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). In applying the pain standard, the ALJ found that Plaintiff met the initial burden of showing underlying impairments that could be expected to give rise to symptoms. (Tr. 25). Once Plaintiff met this initial burden, however, the ALJ found Plaintiff's subjective complaints were not fully credible to the extent of establishing that the impairments were so severe as to preclude him from performing substantial gainful activity. (Tr. 25). Substantial evidence supports this credibility assessment.

As discussed above, there are no material treatment notes or objective medical evidence from the alleged onset date to the date last insured. Likewise, the treatment notes immediately preceding the relevant period do not confirm disabling pain or other symptoms. As noted above, a few weeks before his alleged onset of disability, Plaintiff rated his pain as only a three out of 10 (Tr. 392); his neck pain was treated with only ibuprofen and a muscle relaxer (Tr. 398); and he reported regularly walking and swimming for exercise. (Tr. 393). The ALJ's conclusion that

Plaintiff's impairments were not as limiting as he claimed, is supported both by the absence of any objective medical evidence during the relevant period, and the lack of evidence of disabling limitations immediately preceding the alleged onset date.

## IV. RECOMMENDATION

In view of the foregoing, it is respectfully recommended that the decision of the Commissioner be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

**DONE AND ENTERED** in Ocala, Florida, on October 28, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:
All Counsel